**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SANDRA CASHCOLLAR, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

SANDRA CASHCOLLAR ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's regularly conducts business in the State of Ohio, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cleveland, Ohio.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its principal address located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in its attempts to collect a consumer debt allegedly owed to Verizon.

12. Upon information and belief, the debt arose out of transactions that were for personal, family or household purposes.

13. Throughout August 2015, Defendant placed repeated harassing calls to Plaintiff's cellular telephone.

14. Plaintiff told Defendant that she refused to pay the debt and demanded that all calls cease.

15. However, Defendant ignored Plaintiff's request and continued to call her.

16. Once Defendant was aware that its calls were unwanted continued calls could only be for the purpose of harassment.

17. Defendant also called at inconvenient times, such as when she was at school.

18. Plaintiff told Defendant that it was not convenient for her to receive calls while at school.

19. Despite, Plaintiff's indication that it was not convenient to receive calls at school, Defendant continued to call her during school hours.

20. Defendant's actions, as described herein, were taken with the intent to harass, deceive and coerce payment from Plaintiff for a debt she does not owe.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

21. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff, including after Plaintiff told Defendant to stop calling.

## COUNT II
### DEFENDANT VIOLATED § 1692f OF THE FDCPA

24. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

25. Defendant violated § 1692f when it called her repeatedly including after it was told to stop calling, and when it called Plaintiff at school despite knowledge it was not convenient for her to receive calls at school.

## COUNT III
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

26. A debt collector violates section 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

27. Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff at inconvenient times, such as when she was at school.

WHEREFORE, Plaintiff, SANDRA CASHCOLLAR, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A.);

      c.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

      d.      Any and all other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SANDRA CASHCOLLAR, demands a jury trial in this case.

Respectfully submitted,

Dated: September 23, 2015      /s/ Amy Bennecoff Ginsburg
      Amy Bennecoff Ginsburg, Esquire
      Kimmel & Silverman, P.C.
      30 East Butler Pike
      Ambler, Pennsylvania 19002
      Phone: (215) 540-8888
      Facsimile: (877) 788-2864
      Email: aginsburg@creditlaw.com